# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS SMITH, | ) | CASE NO. 3:08CV2917 |
| | ) | |
| Petitioner, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT WELCH, Warden, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |
| | ) | |

This matter is before the Court upon a petition for a writ of habeas corpus filed by Thomas Smith ("Petitioner"), pursuant to 28 U.S.C. § 2254. (Dkt. # 1).

On December 23, 2008, this case was automatically referred to Magistrate Judge Nancy A. Vecchiarelli for preparation of a Report and Recommendation ("R&R"), pursuant to 28 U.S.C. § 636 and LR 72.1. On May 26, 2009, the Magistrate Judge issued an R&R, recommending that the Court dismiss the instant petition because Petitioner has failed to show that the state court's decisions were contrary to, or involved an unreasonable application of, clearly established federal law. (Dkt. # 7). Petitioner, through counsel, has timely filed objections to the Magistrate Judge's Report and Recommendation. (Dkt. # 8).

Petitioner first objects to the Magistrate Judge's observation that Petitioner's prior conviction for burglary would have allowed the sentencing court to impose a sentence greater than the statutory minimum. Petitioner argues that, under O.R.C. §2929.14(B)(1), a sentencing court could impose a non-minimum sentence where the defendant had

1

served a prior prison term, not simply on the basis of a prior conviction. Because Petitioner had never served a prior prison term at the time of the instant offense, he argues that a non-minimum sentence was not authorized by § 2929.14(B)(1).

Upon review of the Magistrate Judge's R&R, it is clear that the statement to which Petitioner objects, which was contained in a footnote, did not form the basis for the Magistrate Judge's recommendation that the instant petition be denied. The Magistrate Judge merely stated that the point was "worth noting." (Dkt. # 7 at 14 n.5). The accuracy of the observation aside, it did not play a significant role in the Magistrate Judge's recommendation. Therefore, to the extent that Petitioner objects to the Magistrate Judge's determination that a prior conviction for burglary "precludes a finding in his favor," the objection is overruled.

Petitioner next objects to the Magistrate Judge's "rationale that the law to apply to a defendant's sentence is the law in effect on the date of the sentence." (Dkt. # 8 at 4). More accurately, Petitioner objects to the Magistrate Judge's rejection of Petitioner's argument that, because Petitioner's conduct occurred after Blakely v. Washington, 542 U.S. 296 (2004), was decided but before State v. Foster, 845 N.E.2d 470 (Ohio 2006), was decided, a non-minimum sentence would have violated the *ex post facto* clause of the United States Constitution. According to Petitioner, because at the time of his conduct O.R.C. § 2929.14 required judicial factfinding before a non-minimum sentence could be imposed, and because such factfinding was deemed unconstitutional by the Supreme Court in Blakely, the maximum sentence that could properly have been imposed was the

statutory minimum on each count.¹ Petitioner argues that he was thus subject to a total sentence of no more than five years imprisonment.² This argument formed the basis for Petitioner's claim that defense counsel was ineffective for advising Petitioner to accept a plea agreement that included a fifteen-year sentence. The Magistrate Judge found that no *ex post facto* violation had occurred and that Petitioner's argument "is based on [his] erroneous interpretation of the law." (Dkt. # 7 at 9).

Upon *de novo* review, the Court finds that Petitioner's objection is without merit. Petitioner was sentenced on May 31, 2006, after the Blakely and Foster were decided. Therefore, in calculating Petitioner's potential sentence, it was proper for counsel and the sentencing court to proceed in a manner consistent with those cases. While that made it possible, especially in light of Foster, for the court to impose a non-minimum sentence without additional judicial factfinding of the sort prohibited under Blakely, it did not constitute an *ex post facto* violation.

"The *Ex Post Facto* Clause, by its own terms, does not apply to courts." Rogers v. Tennessee, 532 U.S. 451, 460 (2001). Nevertheless, "limitations on *ex post facto* judicial decisionmaking are inherent in the notion of due process," Id. at 456, and courts may not give retroactive effect to "a judicial construction of a criminal statute [that] is unexpected and indefensible by reference to the law which had been expressed prior to the conduct in

---

1   Petitioner pled guilty to two counts of felonious assault, one count of aggravated robbery, and one count of kidnaping. The sentencing court found felonious assault to be a felony of the second degree and aggravated robbery and kidnaping to be felonies of the first degree. State v. Smith, 2007 WL 1039282 at *1 (Ohio App. 3 Dist. 2007). Under O.R.C. § 2929.14(A), the prison term for a felony of the first degree "shall be three, four, five, six, seven, eight, nine, or ten years," while the prison term for a felony of the second degree "shall be two, three, four, five, six, seven, or eight years."

2   As the Magistrate Judge noted, Petitioner withdrew his challenge to the constitutionality of the trial court's imposition of consecutive prison terms. (Dkt. # 6 at 3).

3

issue." Bouie v. City of Columbia, 378 U.S. 347, 354 (1964).  Thus, for example, a court cannot retroactively apply its construction of a criminal statute where that construction makes certain conduct criminal which was not criminal at the time it was performed.  See Id. (finding a due process violation in the South Carolina Supreme Court's retroactive application of its construction of criminal trespass statute, which construction dispensed with the requirement of notice prior to entry and made it criminal to remain on land after being told to leave.).

  The Supreme Court has never held, however, that the retroactive application of a court's statutory construction which results in the loss of a presumption of a minimum sentence is violative of either the *Ex Post Facto* Clause or due process.  In the instant matter, such was the effect of Blakely and Foster upon O.R.C. § 2929.14.  The plain fact is that the holdings of those cases did not alter the elements necessary to convict Petitioner, nor the potential penalties Petitioner faced for his conduct.  Blakely and Foster simply altered the procedure by which a sentencing court determined the appropriate sentence.  Thus, Petitioner's assertion that "it is the date of the defendant's *alleged conduct* that dictates the sentencing law that applies to a defendant," is inapposite.  (Dkt. # 8 at 5).  That principle applies only where a change in the law that determines the potential penalties for a crime imposes a more onerous penalty at the time of sentencing than it would have at the time the crime was committed.  See Miller v. Florida, 482 U.S. 423, 430-32 (1987); see also Dobbert v. Florida, 432 U.S. 282, 293-294 (1977) (finding no *ex post facto* violation where the "new statute simply altered the methods employed in

4

determining whether the death penalty was to be imposed; there was no change in the quantum of punishment attached to the crime.").

In the instant matter, when he committed the offenses on February 25, 2006, Petitioner faced a potential penalty of "three, four, five, six, seven, eight, nine, or ten years," for the aggravated robbery and kidnaping charges, and "two, three, four, five, six, seven, or eight years," for each of the felonious assault charges. O.R.C. § 2929.14(A). Moreover, under O.R.C. § 2929.14(E)(4), though later deemed unconstitutional, any sentences imposed could be ordered to run consecutively. Neither Blakely nor Foster had any effect on the range of penalties for each of those crimes, and Petitioner had fair warning as to the punishment that might result from his conduct. See Dobbert, 432 U.S. at 297-298 (no *ex post facto* violation where Florida death penalty statute, though held unconstitutional after defendant committed murder, "provided fair warning as to the degree of culpability which the State ascribed to the act of murder."). On May 31, 2006, when Petitioner was sentenced, he faced exactly the same potential penalties and the sentencing court had discretion to impose any sentences consecutively. Therefore, the sentencing court's application of Blakely and Foster did not contravene the due process limitations on *ex post facto* judicial decisionmaking noted in Rogers and Bouie. Petitioner's objection to the Magistrate Judge's R&R on these grounds is without merit.

Petitioner next objects to the Magistrate Judge's determination that trial counsel was not constitutionally ineffective for advising Petitioner to accept a plea agreement that included a fifteen-year sentence. This objection is based upon Petitioner's incorrect calculation of his potential sentence. That is, because Petitioner believes that he faced a

5

total sentence of no more than five years, he argues that counsel was ineffective for advising him to agree to a fifteen-year sentence. Because, as the Court has shown, Petitioner's calculation was erroneous, the instant objection is without merit. The state appellate court correctly found that Petitioner "faced a potential maximum sentence of 26-36 years in prison if convicted at trial and depending on whether the felonious assault charges merged." Smith, 2007 WL 1039282 at *3-4. Therefore, in light of a potential thirty-six-year potential prison sentence, it cannot be said that counsel's performance in advising Petitioner to accept a fifteen-year sentence fell below an objective standard of reasonableness judged by prevailing professional norms. See Strickland v. Washington, 466 U.S. 668 (1984).

Petitioner also argues that the Magistrate Judge "failed to engage in the proper analysis of a claim attacking a guilty plea as laid out in Hill v. Lockhart, 474 U.S. 52 (1985)." (Dkt. # 8 at 5). The Supreme Court in Hill held that the Strickland analysis applies to guilty plea challenges based upon ineffective assistance of counsel, and that to establish the prejudice required under Strickland, a "defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. Petitioner argues that he "unintelligently entered a guilty plea assuming that his counsel and the trial court were correctly advising him that he could be sentenced to up to thirty-six years in prison," and that if he had been "aware that this sentence would be illegal if he went to trial, it logically follows that he would not have agreed to a fifteen-year sentence." (Dkt. # 8 at 8). As the Court has determined, however, counsel and the trial court were correct in

advising Petitioner that he faced up to thirty-six years in prison.  Because Petitioner was correctly informed of the potential penalties and did, in fact, plead guilty and accept the fifteen-year sentence, he cannot demonstrate the prejudice required under Strickland and Hill.  Therefore, his objection is without merit.

Petitioner's two final objections are to the Magistrate Judge's "rationale that the retroactive application of Foster does not violate due process or the ex post facto clause," and to the Magistrate Judge's "rationale that Foster did not increase the maximum penalty that could be handed down for a crime."  (Dkt. # 8 at 9).  The Court has already addressed the substance of both of these objections in ruling on Petitioner's other objections.  For the reasons set forth above, Petitioner's final two objections are without merit.

The Court has reviewed the report and recommendation of the Magistrate Judge *de novo*, and finds that it is well-supported.  Petitioner's objections are without merit.  Therefore, the Report and Recommendation of Magistrate Judge Vecchiarelli (Dkt. # 19) is hereby **ADOPTED**, and Petitioner's petition for a writ of habeas corpus is **DENIED**.  (Dkt. # 1).

Finally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. §2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

**/s/ Peter C. Economus – July 17, 2009**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**

7